Argued July 3, affirmed July 31, 1962

# BUTLER *v.* PANTEKOEK

373 P. 2d 614

*Thomas H. Ryan,* Portland, argued the cause for appellant. With him on the brief was Victor C. Hefferin.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the brief were Koerner, Young, McColloch & Dezendorf and Wayne Hilliard.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

LUSK, J.

The plaintiff Jo An Butler, a minor, brought this action by her guardian ad litem to recover damages for personal injuries sustained when she was bitten by a dog owned by the defendant, William F. Pantekoek. The second amended complaint alleged that the dog was well known by the defendant to be "vicious and ferocious and accustomed to biting children." The answer denied this allegation but admitted that the dog bit the plaintiff. The jury returned a verdict for the defendant and the plaintiff has appealed.

Plaintiff assigns as error the ruling of the court refusing to admit in evidence four colored photographs of the plaintiff's face showing its condition shortly after she was bitten and before she had been treated by a surgeon. Two photographs of the plaintiff's face taken a few days after the treatment were admitted in evidence. All were taken by the surgeon. The photographs excluded were of a character likely to excite the sympathy or prejudice of the jury. The

nature and extent of plaintiff's injuries were explained graphically and in minute detail by the surgeon who attended her and operated on her face. The judge, in passing on the objection, said that "the prejudicial nature of these exhibits, and their tendencies to inflame, would far outweigh their relative weight insofar as making a description to the jury is concerned."

■ The determination of the question was addressed to the sound discretion of the court. *Gum, Adm. v. Wooge et al,* 211 Or 149, 154, 315 P2d 119; *State v. Jensen,* 209 Or 239, 280, 289 P2d 687, 296 P2d 618, appeal dismissed 352 US 948, 77 S Ct 329, 1 LE2d 241; *Godvig v. Lopez,* 185 Or 301, 305, 202 P2d 935; *Pond v. Jantzen Knitting Mills,* 183 Or 255, 266, 190 P2d 141. We find no abuse of this discretion.

Before considering the other claims of error the facts will be briefly stated. Jo An, who was four years of age at the time of the incident complained of, lived in Portland with her parents and her brother Alan, aged 14, and a younger brother, Roger. Their home was about a block from the home of the defendant who owned a Belgian shepherd dog, also referred to as a Belgian police dog, named "Farful." On a day in December, 1959, Jo An came running home screaming "Farful bit me." The skin on the back of her left hand had been broken and there was some blood to be seen which, however, was not flowing. Mr. Butler, who was home at the time, told the defendant what had occurred and learned from him that the dog had had rabies shots. The injury was not serious and all trace of it had disappeared in about two weeks. There is evidence that Jo An's father told the defendant: "Oh, it's nothing. It is just a scratch." Jo An did not testify and there is

no direct evidence that Farful bit her on this occasion. However, the evidence was sufficient to justify a finding that this was the fact.

The incident on which this action is based occurred March 17, 1960. On the afternoon of that day, Alan, Roger, and Jo An went to the house of the defendant where Alan, along with Louis Pantekoek, 13-year-old son of the defendant, busied themselves in the yard pulling nails out of two-by-fours, a job for which the defendant had agreed to pay them one dollar an hour. While so engaged, Alan heard Jo An scream and, as he testified, "saw Farful on top of her, standing over her, and he was gnawing at her face with his teeth." The defendant ran out of the house, pulled Jo An away from the dog, and took her to the hospital in his car. The evidence shows that the right side of the girl's face was severly torn by the dog's bite.

The defendant introduced the testimony of persons living in the neighborhood tending to show that Farful was a dog of uniform good behavior and disposition. Admission of this evidence is assigned as error. We would be justified in disposing of the question by holding that it is not properly before the court, as most of the testimony on this subject came in without any objection whatever and without leave sought by, or granted to, the plaintiff for a continuing objection to all testimony of like kind that the defendant might offer. Nevertheless, we have examined the plaintiff's contention.

The plaintiff in her brief relies upon the rule thus stated in 2 Am Jur 755, Animals § 82:

"It seems to be well established that where the evidence is conclusive as to an animal's vicious

character and knowledge thereof on the part of the owner, it is incompetent to show that the animal at some other time was of a peaceable disposition. But such evidence is admissible where the vicious propensity of the beast and notice thereof to the owner are not conclusively shown."

■ The plaintiff argues that the evidence that the dog bit the plaintiff in December, 1959, is conclusive of the animal's vicious character and defendant's knowledge thereof. It may be questioned whether the jury would not have been justified in refusing to accept the testimony about this previous incident; but, that aside, although a dog is no longer entitled to one bite (Restatement, 3 Torts 22, comment g to section 509), we do not understand it to be the law that the mere proof that on another occasion a dog bit a human being is conclusive evidence that the animal has vicious propensities. That would depend on the circumstances and here the circumstances under which Jo An was bitten in December, 1959, if that actually occurred, are not disclosed. Thus, in *Fink v. Miller*, 330 Pa 193, 198 A 666, evidence that a dog had jumped at a person and given her "a little tear in the right hand" was held insufficient "to give that dog a reputation of being vicious." The court said: "Whether the 'little tear' referred to by the witness was the result of the dog's viciousness or playfulness the evidence does not clearly disclose." See, also, *Herring v. Schingler* (1937, Tex Civ App) 101 SW2d 394; *Fowler v. Helck*, 278 Ky 361, 128 SW2d 564; *Marsh v. Snyder* (1959, CA La) 113 S2d 5; *Chandler v. Vaccaro*, 167 Cal App 2d 786, 334 P2d 998.

Even the parents of Jo An seem not to have believed, because of the incident in December, 1959, that Farful was a dangerous animal, for the little girl

continued thereafter to play with the dog, apparently with their permission.

■ The evidence in this case does not conclusively establish that Farful was a dog of vicious propensities. At most, this was a jury question. Hence, evidence of the dog's good character was admissible to rebut any unfavorable inference which the jury might draw from the incident of December, 1959.

■■ This being so, the court was right in refusing to give the following instruction requested by the plaintiff:

"Knowledge, if any, on the part of the defendant that the dog kept and harbored by him had previously bitten or attacked a human being is sufficient to charge the owner with all of the dog's subsequent acts and if he continues to keep and harbor such a dog, he is responsible regardless of the care with which he keeps and harbors the same, and if you find such to be the facts of this case, then you must find your verdict for the plaintiff and assess her damages."

To have given this instruction would have been, in effect, to direct a verdict for the plaintiff and error. The essence of the action is "the keeping and harboring of an animal, knowing it to be vicious." *Hunt v. Hazen, Adm.*, 197 Or 637, 639, 254 P2d 210. The burden was on the plaintiff to prove both the vicious propensities of the dog and the defendant's knowledge thereof. As we have indicated, there is conflict in the evidence as to both questions and the court properly submitted them to the jury in instructions which correctly stated the law.

■ One other claim of error in the plaintiff's brief deserves only brief mention. It is based on the assumption that evidence of contributory negligence of

the plaintiff was admitted. There was no such evidence and the allegation of contributory negligence which had been pleaded in the defendant's answer was withdrawn by the court from the consideration of the jury.

The judgment is affirmed.