Argued November 8, affirmed December 13, 1973

SABOLISH, *Respondent, v.* PLAYLAND
SHOWS, INC. ET AL, *Appellants.*

516 P2d 1271

*Frank E. Day,* Portland, argued the cause for appellants. With him on the briefs were Glenn H. Prohaska, and Day & Prohaska, P.C., Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Garry Kahn, and Pozzi, Wilson & Atchison, Portland.

HOWELL, J.

Plaintiff, by his guardian, filed this action for damages for personal injuries incurred when he was struck by a truck driven by defendant Haworth, an employe of defendant Playland Shows, Inc. The defendants appeal from a verdict and judgment entered in favor of plaintiff. We affirm.

Defendants assign as error the denial of their motion for a directed verdict. They allege that they did not owe any duty of care to the plaintiff and, alternatively, that the plaintiff was contributorily negligent as a matter of law.

Plaintiff, a 17-year-old boy, was employed by one of the concessionaires at a carnival operated by defendant Playland Shows. On the night of July 18, 1971, Playland Shows was disassembling its carnival where it had been operating on a lot in southeast Portland and was preparing to move to Pendleton for another show. A nearby vacant lot was utilized for the storage of defendant's trucks and other vehicles. The plaintiff completed his work about midnight and laid out his sleeping bag in the vacant lot. Shortly thereafter defendant Haworth, who was backing a truck and trailer onto the vacant lot, struck the plaintiff while he was lying asleep on the ground.

It would serve no worthwhile purpose to set forth all the evidence in detail.

In *Stewart v. Jefferson Plywood Co.*, 255 Or 603, 469 P2d 783 (1970), we stated that the scope of our review of the duty a defendant charged with negligence might owe the plaintiff is:

"* * * whether plaintiff's injury and the manner of its occurrence was so highly unusual that we can say as a matter of law that a reasonable man, making an inventory of the possibilities of harm which his conduct might produce, would not have reasonably expected the injury to occur. Stated in another way, the question is whether the circumstances are out of the range within which a jury could determine that the injury was reasonably foreseeable." 255 Or at 609-10.

We find that the plaintiff's injury and its manner of occurrence was not so unusual that we can decide as a matter of law that the defendants could not reasonably have expected the injury to occur; therefore the trial court properly presented the question to the jury.

The evidence upon which the jury could properly base its determination of the issue of foreseeability is as follows:

There was evidence that it was a common practice for some of the carnival employes, including the plaintiff, to sleep either in the concession stands or on the ground in areas near the carnival. On the night in question the plaintiff, after tearing down the concession stands in preparation for the carnival's move to Pendleton the next day, made arrangements to ride with another employe to Pendleton. That employe had his trailer parked in the vacant lot with at least two other small travel trailers. The plaintiff and his brother, who apparently also worked for the carnival, then went to sleep in the vacant lot. While they were sleeping the defendant Haworth backed a truck onto the lot, injuring the plaintiff.

There was evidence that the lot was made up of gravel and patches of grass 8 to 10 inches high, and was adequately lighted.

No one warned plaintiff not to sleep in the vacant lot.

Haworth admitted that employes sometimes slept on the ground in areas close to the carnival, and that plaintiff did not know that he, Haworth, would be moving equipment onto the vacant lot where plaintiff was sleeping. He also testified that he knew there were at least two small travel trailers and another trailer parked on the vacant lot, but that he did not inspect the area or give any warning to anyone before moving the truck onto the lot. When backing the truck onto the lot he was assisted by two other carnival employes who stood near the rear of the truck and, in his words, were

"watching me back up to make sure I wouldn't hit anything."

Under these circumstances, it was clearly for the jury to decide if the defendants ought reasonably to have foreseen that their actions could expose plaintiff to an unreasonable risk of harm.

■ Neither can we say that plaintiff was contributorily negligent as a matter of law. The concession stand where plaintiff sometimes slept had been torn down, it was after midnight, employes often slept away from the stands, other trailers were parked on the lot, and at least one other employe was also sleeping there.

■ The defendants' final assignment of error is that the trial court erred in admitting a colored photograph of plaintiff's injuries. This court has stated many times that the admission or exclusion of such photographs is a matter of discretion with the trial court. *See Butler v. Pantekoek,* 231 Or 563, 373 P2d 614 (1962), and cases cited therein. We cannot say the trial court abused its discretion.

Affirmed.