Argued December 7, 1977, reversed April 18, 1978

WESTBERRY, *Appellant,*
*v.*
BLACKWELL et ux, *Respondents.*
(No. 48091, SC 25108)
577 P2d 75

Robert S. Gardner, of Ringo, Walton & Eves, P.C., Corvallis, argued the cause and filed the brief for appellant.

J. Phillip Parks, of Miller, Beck & Parks, Salem, argued the cause and filed a brief for respondents.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed this action to recover for personal injuries sustained when she was bitten by defendants' dog. The complaint alleged a cause of action for strict liability and another for negligence. The trial court granted a judgment of involuntary nonsuit on both causes of action. Plaintiff appeals. The evidence is viewed in the light most favorable to plaintiff.

On July 2, 1975, the plaintiff, accompanied by her young son and daughter, visited defendants' home. Plaintiff testified that as she went toward defendants' house from her car in the driveway the defendants' dog, a one-year-old St. Bernard named "Happy" gave her a superficial bite on her right hand. After plaintiff had been in the defendants' home for some time, her 12-year-old son ran into the house complaining that the dog had tried to bite him. The plaintiff further testified that after Mrs. Blackwell assured her of the dog's docility, Mrs. Westberry attempted to walk past the dog to her car in order to leave. As she did so, she was severely bitten two or three times by the dog, requiring stitches to be taken in her left hand.

The issue on this appeal is whether the evidence introduced by the plaintiff is sufficient to present a question of fact for the jury on either of the two charges, strict liability or negligence.

Plaintiff's first cause alleges that the defendants are strictly liable for the damages suffered by the plaintiff from the dog bite. The general rule is that the owner of a dog or other domestic animal is strictly liable for injuries caused by the animal only if the owner knows or has reason to know of the animal's dangerous propensities. *Chance v. Ringling Bros.,* 257 Or 319, 478 P2d 613 (1970); *Brooks v. Mack,* 222 Or 139, 352 P2d 474 (1960). The Restatement (Second) of Torts states the rule in § 509:

> "(1) A possessor of a domestic animal that he knows or has reason to know has dangerous propensities abnormal to its class, is subject to liability for harm done by

the animal to another, although he has exercised the utmost care to prevent it from doing the harm.

"(2) This liability is limited to harm that results from the abnormally dangerous propensity of which the possessor knows or has reason to know." Restatement, *supra* at 15.

and goes on to apply it to licensees in § 513:

"The possessor of a wild animal or an abnormally dangerous domestic animal who keeps it upon land in his possession, is subject to strict liability to persons coming upon the land in the exercise of a privilege whether derived from his consent to their entry or otherwise." Restatement, *supra* at 23.

Thus, in the present case, if a jury could reasonably conclude the defendants knew or had reason to know of their dog's tendency to bite, they would be liable. The knowledge necessary to constitute notice of the dog's dangerous propensity varies. Harper & James note that:

"* * * Any knowledge of the animal's propensity to bite or attack, whether in anger or play, is sufficent. If the owner has seen or heard enough to convince a man of ordinary prudence of the animal's propensity to inflict the type of harm complained of, there is such notice or scienter as the law requires, the question being in each case whether the owner, as a fact, had the knowledge from which he might reasonably anticipate the general kind of harm which occurred." (Footnotes omitted.) Harper & James, The Law of Torts 836-37, § 14.11 (1956).

We have held on a previous occasion that a prior bite by a dog is not conclusive as to the existence of the dog's dangerous propensities nor as to the defendant's knowledge of the propensities. *Butler v. Pantekoek,* 231 Or 563, 373 P2d 614 (1962). In *Butler* we held that the question of knowledge by the owner was a matter for the jury. We believe that the bite received by the plaintiff in the instant case as she went toward the house, coupled with her son's later statement, could reasonably lead a jury to believe that the dog had dangerous propensities, and that the defendants had

knowledge of them.[1] Thus, the involuntary nonsuit on the strict liability cause was improperly granted.

■ Plaintiff's second cause of action alleged defendants were negligent in failing to confine the dog. Failure to confine or control such a domestic animal can give rise to a cause of action in negligence. The Restatement (Second) of Torts, § 518, states the rule as follows:

> "Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,
>
> "(a) he intentionally causes the animal to do the harm, or
>
> "(b) he is negligent in failing to prevent the harm."

Restatement, *supra* at 30.

■ Here, the evidence indicates that Mrs. Blackwell could have controlled or confined the dog when she knew plaintiff was leaving the premises. She knew the dog had bitten plaintiff on her way into the house. Whether a reasonable person in the exercise of ordinary care would have restrained the dog is properly a question for the jury.

The defendants' motion for a judgment of involuntary nonsuit should not have been granted. Viewing the evidence in the light most favorable to the plaintiff, a legitimate question of fact for the jury was presented, both as to the charge in strict liability and the charge in negligence.[2]

Reversed and remanded.

---

[1] There was evidence that the dog had chased sheep on one occasion; that he once knocked a girl off her bicycle; and that he was usually chained in the back yard.

[2] Plaintiff also assigns as error the admission of certain oral testimony on cross-examination of plaintiff. As the alleged error probably will not arise on another trial, it is not necessary for us to discuss it herein.