Argued and submitted November 24, 1980, affirmed February 3, 1981

DOWD et al,
*Appellants,*
*v.*
WEYERHAEUSER COMPANY,
*Respondent.*

(No. 79-1621, CA 17689)

622 P2d 1137

Fred Allen, Coos Bay, argued the cause and filed the brief for appellants.

Jon Littlefield, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Plaintiffs appeal a summary judgment dismissing their complaint against defendant. The issue is whether defendant established, in at least one of the grounds alleged in its motion for summary judgment, that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. We affirm.

The parties are owners of adjacent real property located near Coos Bay. In 1975, defendant entered into a written lease agreement with the Port of Coos Bay to lease its land to the Port for use as a dredge spoil deposit site. Under the terms of the lease, the Port hired a Portland engineering firm to design containment dikes for placement around the perimeter of the property. In 1976, the Port hired a construction firm to construct the first level of the dikes. A problem arose concerning completion of the first phase of the project and, thereafter, the U.S. Corps of Engineers (Corps) hired another contractor to complete that stage, perform dredging and complete the project. Work continued on schedule and the project was completed.

In 1977, plaintiffs brought suit against the Port of Coos Bay, the engineering firm and the second contractor seeking damages to their real property allegedly caused by the negligence of those parties in designing and constructing the containment dikes. In that case the complaint against the Port was dismissed prior to trial, and the contractor was granted a judgment of involuntary nonsuit. Regarding the engineering firm, the jury returned a verdict that the plaintiffs' negligence was greater than the negligence of the engineering firm. A judgment was entered in favor of the engineering firm.

Plaintiffs then filed this present action. They alleged in their complaint that defendant, *"acting through its employees and agents,"* had caused to be designed and installed a "containment berm" located on defendant's land and adjacent to land owned by plaintiffs. They further alleged that the installation of the berm "caused the natural flow of water and drainage of water from plaintiffs' land to be interrupted and restrained," which resulted in "flooding of the land of the plaintiffs with salt water."

Pursuant to ORCP 47, defendant moved for summary judgment on four grounds: (1) that the decision in the former case was a "judgment res judicata"; (2) that plaintiffs were collaterally estopped from relitigating the determinative issues and facts litigated in the former case; (3) that the complaint failed to state ultimate facts sufficient to constitute a claim for relief against the defendant; and (4) that the action was not commenced within the time limited by statute. The trial court, as noted, granted defendant's motion. The court's order, however, did not recite the specific ground or grounds upon which the decision was based.

To warrant summary judgment, the moving party must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. ORCP 47. We review the record in the light most favorable to the party opposing the motion, giving that party the benefit of all reasonable and proper inferences of fact which can be drawn from the pleadings, depositions and affidavits. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980); *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978); *Forest Grove Brick v. Strickland,* 277 Or 81, 87, 559 P2d 502 (1977).

Plaintiffs' complaint alleged that defendant "acting through its employees and agents" caused to be designed and installed the dikes which plaintiffs alleged led to their damage. Plaintiffs did not allege any other theory of liability apart from defendant's possible vicarious liability arising from acts by its alleged employees or agents. With its motion for summary judgment on this issue, defendant presented a sworn affidavit of the Administrator of the Port of Coos Bay. The affidavit stated that the defendant and the Port had entered into a lease for the Port's use of defendant's property as a dredge spoil deposit site; that under the terms of the lease, the Port hired an engineering firm to design containment dikes; that the Port hired a contractor to construct the first level; that, thereafter, the Corps hired a second contractor to complete the project; and that the project was completed. In addition, the affidavit stated that defendant did not hire the Port, the engineering firm, the contractors or anyone else, or do anything with regard to the design or installation of the dikes. Finally,

the affidavit stated that neither the Port nor its employees or agents had been authorized to act, acted, or intended to act on behalf of defendant.

Attached to the affidavit was a copy of the lease agreement. The lease terms show that the Port had engaged the Corps to deepen the Coos Bay channel and was thereby obligated to provide a suitable site for dredge spoil disposal as well as any necessary containment dikes. The lease further shows that the agreement was made by the parties in lieu of the Port's acquisition of the property under the power of eminent domain. As consideration, the Port agreed to reimburse defendant for any increased property taxes and assessments levied against the property during the lease term as a result the Port's activities and for all fees, salaries and other expenses incurred by defendant in connection with the agreement. The Port also agreed to install drainage facilities sufficient to allow defendant to use the land for agricultural purposes when the lease expired and to restore the soil, to the extent practicable, to a condition suitable for grazing and other agricultural uses.[1]

Other than the allegations in their complaint, plaintiffs did not submit anything to the trial court with regard to this issue in defendant's motion. ORCP 47C, in part, provides:

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *"

Of more particular importance to this case, are the following provisions in ORCP 47D:

"* * * When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as

---

[1] The lease also provided that to insure the terms and conditions were met, the defendant reserved the right to approve any plans and specifications for the project. Plaintiffs make no contention that the reserved right is a basis for liability of defendant.

to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

Defendant adequately supported its motion for summary judgment. If plaintiffs had any evidence which raised an issue of material fact as to the existence of an employment or agency relationship between defendant and others involved in the project, they bore the burden of producing such evidence at the summary judgment hearing. *Seeborg v. General Motors Corporation, supra.*

Considering defendant's pleadings, the lease agreement, and defendant's affidavit in the light most favorable to plaintiffs, we conclude that there is no issue of material fact that anyone involved in the project was either employed by defendant or acted on defendant's behalf. Defendant's affidavit specifically refuted this allegation. Plaintiffs presented nothing to the contrary except for the allegations in their complaint. Under ORCP 47D, they did not preserve this as a factual issue for trial. Defendant established that there were no genuine issues of material fact with respect to the sole basis of liability alleged by plaintiffs in their complaint. Defendant was entitled to judgment as a matter of law on the third ground stated in its motion. The trial court did not err in granting defendant's motion.

Affirmed.