Argued and submitted May 24, reversed and
remanded July 21, reconsideration denied September 2,
withdrawal of petition for review allowed September 28, 1982

HARRINGTON,
*Appellant,*
*v.*
DEDERER et al,
*Respondents.*

(No. 16-80-11129, CA A22965)
648 P2d 409

Michael Strooband, Eugene, argued the cause for
appellant. With him on the brief was Bischoff, Murray &
Strooband, P.C., Eugene.

Ronald B. Terzenbach, Eugene, argued the cause for respondents. With him on the brief was Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

Before Joseph, Chief Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This is an action for personal injuries received by plaintiff, a minor, as a result of being bitten by defendants' dog. Plaintiff appeals from a summary judgment for defendants, contending that there was a material issue of fact in the case. Plaintiff bases this contention on the following statement appearing in the pretrial deposition of plaintiff's father (and guardian ad litem), Frank Harrington. This excerpt was included and attached to defendants' motion for summary judgment.

"Q. (By Mr. Terzenbach) [defendants' attorney]: This was the evening after the incident, of the incident?
"A. Of the incident.
"Q. He come over to your house, is that right?
"A. That's correct.
"Q. And you said he indicated to you at that time that the dog had bitten two other children?
"A. Had lunged at them, is what he had said, you know."
"Q. You said Mr. Dederer told you that his dog had.
"A. This is the conversation we had. He said, 'I just don't know what is getting into this dog, he must be getting old.' He said, 'He's already lunged at two of my relatives,' or people, you know, people in this family."

Apart from the foregoing excerpt, the deposition testimony was to the effect that defendants' dog had a gentle temperament and that defendants did not know nor did they have any reason to know of any dangerous propensities.

■        In order for plaintiff to recover, it was necessary for plaintiff to plead and prove that, prior to plaintiff's injury, defendants' dog had demonstrated dangerous propensities and that defendants knew or had reason to know of such propensities. *Westberry v. Blackwell,* 282 Or 129, 577 P2d 75 (1978); *Kathren v. Olenik,* 46 Or App 713, 613 P2d 69 (1980). It is, of course, axiomatic that on a motion for summary judgment the record must be viewed in a light most favorable to the party against whom the motion is directed. Summary judgment is only appropriate where there is no genuine issue of material fact. ORCP 47.

■    Defendants argue that, because plaintiff submitted nothing to the trial court in opposition to defendants' motion for summary judgment, we should not consider the quoted excerpt. Particularly, defendant relies on the following language of Rule 47D:

> " * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of that party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against such party."

While Rule 47D is susceptible to the construction urged by defendant where, as here, the moving party's own submission contains a statement or statements "showing that there is a genuine issue as to any material fact for trial," summary judgment should not be allowed. *Henderson v. Hercules, Inc.*, 57 Or App 791, 646 P2d 658 (1982).

■    We conclude, in view of the conflicting and contradictory evidence in the deposition statements of plaintiff's guardian and defendants regarding knowledge of the dog's dangerous propensities, that it was error to grant the summary judgment.

Reversed and remanded.