Argued and submitted November 26, 1985, reversed June 18, reconsideration denied August 1, petition for review denied September 23, 1986 (302 Or 35)

NEWPORT,
*Respondent,*

*v.*

MORAN,
*Defendant,*

MORAN,
*Appellant.*

(16-83-05041; CA A34323)

721 P2d 465

Dennis W. Percell, Eugene, argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, Eugene.

Brian D. Green, Lincoln City, argued the cause for respondent. With him on the brief was Lovejoy & Green, Lincoln City.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

Newman, J., dissenting.

**WARDEN, J.**

This is an action to recover damages for personal injuries sustained when defendants' dog ran into plaintiff and knocked her down. The jury returned a verdict against defendant Patricia Moran (defendant).[1] She argues that plaintiff failed to introduce sufficient evidence to present a jury question on the allegation of common law negligence. She also argues that a Lane County ordinance prohibiting owners from allowing dogs to run at large is not applicable and will not support a finding of liability on a theory of negligence *per se.*

Plaintiff and defendant are next door neighbors. In mid-1982 a stray dog wandering the neighborhood was taken in by plaintiff and her husband. They tried to find a home for the dog, because they could not keep it confined. They offered it to defendants, who first declined, but later accepted it. The dog, named Rowdy, was apparently very friendly and energetic and often engaged in rough play with plaintiff's dog. There is no evidence in the record that Rowdy was vicious. He would run toward people in a friendly, playful manner, but there is no evidence that he had ever run into or injured any person before plaintiff was injured.

Plaintiff testified that she was nervous around the energetic Rowdy and began carrying a stick to ward him off when she was outside. She did not tell defendant of her fear or ask that Rowdy be restrained. However, she did, on one occasion, tell defendant that Rowdy was bothering her dog and would have to "quiet down."

On January 12, 1983, plaintiff left her house to get her mail from the box across the street. Earlier, Rowdy had pushed his way past defendant to get out of the house and was roaming unattended in the yard. He followed plaintiff across the street and back. Plaintiff tried to "shoo" him home, but he responded by sitting down at the street end of plaintiff's driveway. Plaintiff walked down the driveway, looking around once to see that Rowdy was still sitting there. As she was walking and glancing at her mail, she heard a noise and, as she

---

[1] This action was initially filed by Hazel Newport and her husband, Lawrence, against Patricia Moran and her husband, Joseph. Lawrence subsequently died and was dismissed from the case on plaintiff's motion. The jury verdict and the judgment were only against Patricia. Joseph's estate is not a party to this appeal.

turned around, was struck on her right knee by Rowdy's shoulder, causing her to fall and suffer a badly fractured leg. She initiated this action, relying on two theories of liability—common law negligence for failing to restrain Rowdy[2] and negligence *per se,* relying on a claimed violation of Lane County Code § 5.255(1), which provides that no dog owner shall permit a dog to be at large.

In *Westberry v. Blackwell,* 282 Or 129, 133, 577 P2d 75 (1978), the court recognized that failure to confine or control a dog can give rise to a cause of action in negligence. The court relied on Restatement (Second) Torts, § 518, which states:

"Except for animal trespass, one who possesses or harbors a domestic animal that he does not know or have reason to know to be abnormally dangerous, is subject to liability for harm done by the animal if, but only if,

"(a)   he intentionally causes the animal to do the harm, or

"(b)   he is negligent in failing to prevent the harm."

*See Kathren v. Olenik,* 46 Or App 713, 719, 613 P2d 69 (1980). As this court noted in *Kathren*:

"[N]egligent failure to control or confine a dog must be analyzed in terms of the knowledge on the part of the owner that the dog will cause the injury actually incurred by plaintiff if it is not controlled or confined." 46 Or App at 719.

Therefore, for plaintiff to prevail on her common law negligence claim, she must show that it was foreseeable that, if defendant failed to restrain Rowdy, he would charge and knock someone down, causing an injury.

Reviewing the evidence in the light most favorable to plaintiff, we find no evidence that would put defendant on notice that Rowdy had a potentially dangerous propensity to run into people. Dogs, as a class, are not considered dangerous to humans, and defendant is not charged with any general knowledge that dogs will bite—or, in this case, run into—a person. *Kathren v. Olenik, supra,* 46 Or App at 720. In Rowdy's particular case, no evidence was presented that the dog would, or had, ever purposely run into a person. At most, the evidence showed that Rowdy was friendly and playful and that he

---

[2] Plaintiff did not rely on a theory of strict liability.

engaged in rough play with other dogs while near human beings.[3]

Plaintiff testified that she was nervous around Rowdy but admitted that she had never mentioned that to defendant. It was defendant's understanding that Rowdy was welcome in plaintiff's yard. Neither defendant nor plaintiff expected that he would behave as he did. Without some reason to foresee that he was likely to run into people, there was no common law duty to confine the dog, and the issue should not have been presented to the jury.

■■ Plaintiff alleged that defendant was negligent *per se* for allowing Rowdy to run at large, in violation of Lane County Code § 5.255, which provides, in relevant part:

"(1) No dog owner shall permit a dog to be at large.

"(2) A dog owner, whose dog runs at large, commits a Class B infraction."

The Lane County ordinance defines a dog being at large as,

"(5) A dog off the premises of the owner and not under the owner's immediate control."

Violation of an ordinance may be negligence *per se* if the violation is the cause of the injury, the plaintiff is within the class of persons intended to be protected by the legislation and the injury is within the area of risk intended to be avoided by the ordinance. *Smith v. Portland Traction Co.,* 226 Or 221, 359 P2d 899 (1961).

The Lane County ordinance is substantively equivalent to the Washington County ordinance considered in *Kathren v. Olenik, supra,* which involved a dog bite. We held that the Washington County ordinance operated against a dog's owners only if they knew or should have known that the dog had a propensity to bite, saying:

"This evinces concurrence with the general knowledge that dogs as a class of animal do not normally attack human beings. Because it is not reasonably foreseeable that dogs will attack persons, injury from dog bites is not within the area of

---

[3] *See Hagen v. Laursen,* 121 Cal App 2d 379, 263 P2d 489 (1953), in which the court held the defendant was not liable for injuries suffered by the plaintiff when dogs at play ran into the plaintiff.

risk the running at large provision was designed to avoid." 46 Or App at 724.

The trial judge ruled that, although *Kathren* held that dog bites were not within the area of risk that the dog-at-large ordinance was designed to avoid, that decision did not explain what risks were contemplated by the ordinance. Therefore, the trial judge submitted the issue to the jury on the basis that dogs knocking people down could be one of the anticipated risks covered by the statute.[4]

The *Kathren* decision hinged on the perception that dogs as a class of animal do not attack human beings. Plaintiff claimed that Rowdy charged her with his shoulder in an unprovoked assault. That kind of animal behavior is less likely than biting and, correspondingly, even less likely to be the kind of harm that is within the area of risk contemplated by the ordinance. Therefore, we conclude that the evidence did not warrant submission of the case to the jury on the theory of negligence *per se* for violation of the dog control ordinance.

Reversed.

**NEWMAN, J.,** dissenting.

The majority opinion appears to give every dog, no matter how exuberant or playful, one free knock-down—as a matter of law. Because I believe that the majority adopts too narrow a view both of the requirements of negligence and of the purposes of the county ordinance, I dissent from the majority's disposition of this case.

I agree with the majority's conclusion that, for plaintiff to prevail, she must show that it was foreseeable that if defendant, Rowdy's owner, did not restrain him, he would charge and hurt someone. I do not agree, however, that, *as a*

---

[4] The dissent ends with the bold conclusion:

"The ordinance was intended to protect the public from harm caused by this type of dog behavior."

The dissent points to nothing supporting that conclusion, and we find nothing to support it. There is no showing that it is a common trait of dogs to run into people. We think it more likely that the ordinance was intended to protect public and private owners from having dogs defecate on their property, urinate on their plants, shrubs and grass, dig in their soil and harass their pets and livestock as well as wild animals and birds, all of which are activities commonly expected of dogs.

*matter of law,* it was not foreseeable that there was a risk that Rowdy would cause such an injury. There was proof that defendant knew that Rowdy was exuberant and energetic and that he would often engage in rough play with plaintiff's dog. There was evidence that plaintiff had told defendant that Rowdy was bothering her dog and would have to quiet down. It was undisputed that, on the day of the injury, Rowdy had pushed his way past defendant to get out of the house and was roaming unattended in the yard. There was evidence that Rowdy would run toward people. Although there was "no evidence that [Rowdy] had ever run into or injured any person before plaintiff was injured," 80 Or App at 73, I do not believe that such an occurrence was necessary to create a jury question. "Whether a reasonable person in the exercise of ordinary care would have restrained the dog is properly a question for the jury." *Westberry v. Blackwell,* 282 Or 129, 133, 577 P2d 75 (1978). The jury could have found that defendant knew that Rowdy was rowdy. Accordingly, I believe that the question of whether she should have restrained Rowdy should have been submitted to the jury.

Moreover, I do not agree with the majority's treatment of the Lane County ordinance violation. Even if dog *bites* are not within the area of risk contemplated by the ordinance, *Kathren v. Olenik,* 46 Or App 713, 724, 613 P2d 69 (1980), I do not believe that it necessarily follows that dog knock-downs are similarly outside the scope of the ordinance. Although, as we stated in *Kathren,* dogs *as a class* are not vicious and do not attack people, they do tend to roam at large along streets and in yards and get under foot. The ordinance was intended to protect the public from harm caused by this type of dog behavior.