**Muriel B. SEYMOUR and David Seymour,**
**Plaintiffs-Appellees-Cross-Appellants,**

v.

**SUMMA VISTA CINEMA, INC., et al.,**
**Defendants-Appellants-Cross-Appellees.**

**Nos. 85–6278, 85–6307.**

United States Court of Appeals,
Ninth Circuit.

May 19, 1987.

Richard A. Love, Santa Monica, Cal., for plaintiffs-appellees-cross-appellants.

Robert A. Holtzman, Los Angeles, Cal., for defendants-appellants-cross-appellees.

Before WALLACE, BOOCHEVER and KOZINSKI, Circuit Judges.

**ORDER**

Appellants' petition for rehearing is granted in part and the opinion filed February 6, 1987, 809 F.2d 1385, is amended as follows:

The sentence beginning on page 6, line 17 of the slip opinion [page 1388, 1st col., line 20] beginning with the words "Even absent direct proof ..." should be deleted and replaced with the following:

In any event, Alexander is liable as a controlling person if (1) Alexander had actual power or influence over Shestak, and (2) Alexander was a culpable participant in the alleged illegal activity. *Buhler v. Audio Leasing Corp.,* 807 F.2d 833, 835 (9th Cir.1987). Participation may be proven indirectly by showing that Alexander failed to establish a reasonable system of supervision and control. *Id.* at 836. In the broker-dealer context presented here, Alexander had actual power over Shestak as his employer and a corresponding duty to supervise him. *See Kersh v. General Council,* 804 F.2d 546, 550 (9th Cir.1986); *Zweig v. Hearst Corp.,* 521 F.2d 1129, 1134–35 (9th Cir.), *cert. denied,* 423 U.S. 1025 [96 S.Ct. 469, 46 L.Ed.2d 399] (1975). Alexander does not seriously dispute this, but claims instead there is no evidence to support the allegation that its supervision and training were inadequate. The evidence, however, clearly supports this claim.[3]

[3] For example, Alexander did not hold regular sales meetings of its account executives or sales people. Shestak did not receive an employee manual or receive any training from Alexander. Moreover, Shestak testified he was unaware of any Alexander policy regarding controls on outside sales and the evidence suggests Alexander did not require written notification of such sales.

The full court was advised of the suggestion for rehearing en banc. No active judge requested a vote on whether to rehear the matter en banc (Fed.R.App.P. 35).

In all other respects the petition for rehearing with suggestion for rehearing en banc is denied.