Submitted on record and briefs May 8, reversed and remanded September 9, reconsideration denied November 13, petition for review denied December 2, 1987
(304 Or 437)

DARGEN,
*Appellant,*

*v.*

KING et al,
*Respondents.*

(A8501-00365; CA A40341)

742 P2d 72

Hugh G. Grady, Portland, filed the brief for appellant.

Peter Livingston, and Wood, Tatum, Mosser, Brooke & Landis, Portland, filed the brief for respondents.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

Buttler, P. J., dissenting.

## ROSSMAN, J.

Plaintiff brought this action as guardian ad litem for his minor daughter to recover damages for injuries sustained when she was bitten by defendants' dog. The trial court granted defendants' motion for summary judgment and entered judgment accordingly. We reverse.

In his complaint, plaintiff alleges that defendants were negligent in failing properly to supervise and control their dog, that the dog attacked his daughter when she was a visitor in defendants' home, that defendants were aware of their dog's vicious propensities and that, as a result of the attack, his daughter suffered a severe laceration of the right upper lip and cheek, requiring 25 sutures and causing permanent scarring. Defendants moved for summary judgment under ORCP 47 on the ground that no genuine issue of material fact exists with respect to whether they knew of the dog's vicious propensities and that they were entitled to summary judgment as a matter of law.[1] In support of their motion, defendants submitted affidavits of their daughter, a neighbor and Alphonso King (defendant) stating, in effect, that the dog appeared friendly and that defendants had no reason to believe otherwise. However, defendant acknowledges in a supplemental affidavit that a "beware of dog" sign was attached to the gate to their back yard.

Plaintiff contends that a "beware of dog" sign supports an inference that the dog's owners were aware that a dog is vicious. He contends, therefore, that the existence of the "beware of dog" sign on the gate raises a genuine issue of material fact with respect to whether defendants knew that their dog was vicious. In his supplemental affidavit, defendant asserts that the sign was in place to alert representatives of the public utilities that a dog was present and that the gate should be closed immediately after entering.[2]

Before it is appropriate to grant a summary judgment, the moving party must show that there are no genuine

---

[1] Plaintiff does not contend that defendants are liable for his daughter's injuries, regardless of whether they were aware of their dog's vicious propensities. *See generally Westberry v. Blackwell*, 282 Or 129, 577 P2d 75 (1978).

[2] Defendants also submitted a portion of a deposition in which defendant Alphonso King asserts that the sign said "keep gate closed" in addition to "beware of dog."

issues of material fact and that it is entitled to judgment as a matter of law. ORCP 47. We review the record in the light most favorable to the party opposing the motion, giving that party the benefit of all reasonable and proper inferences of fact that can be drawn from the pleadings, affidavits and depositions. In the absence of counter-affidavits or conflicting evidence, facts set forth in a supporting affidavit will be taken as true. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978); *Sheppard v. Weekly,* 72 Or App 86, 695 P2d 53 (1985); *Dowd v. Weyerhaeuser Co.,* 50 Or App 211, 622 P2d 1137 (1981).

We agree with plaintiff that the existence of the "beware of dog" sign supports an inference that defendants knew that their dog might bite an unsuspecting visitor. Accordingly, because the opposing party is entitled to the benefit of all inferences that can be drawn from the evidence before the court, even though the record indicates that plaintiff did not submit counter-affidavits or other materials in opposition to defendants' motion for summary judgment, we conclude that a genuine issue of material fact does exist with respect to defendants' knowledge of their dog's vicious propensities. Because plaintiff is entitled to have that issue of fact resolved by a jury, we hold that the trial court erred in granting defendants' motion for summary judgment.[3]

Reversed and remanded.

**BUTTLER, P. J.,** dissenting.

Plaintiff's complaint alleges that "defendants were the owners of a dog while knowing him to be ferocious, vicious and mischievous" and that defendants were negligent, because each of them knew of the vicious propensity of the dog and his inclination to attack and bite people.

On defendants' motion for summary judgment, the *only* evidence is that defendant Alphonso King, in 1974 when

---

[3] It is the duty of the jury and not, as the dissent suggests, the duty of this court, to determine whether defendants knew of their dog's dangerous propensities. The existence of a "beware of dog" sign permits an inference that a dog's owners know that their dog is vicious. In this case, that inference is contravened by defendants' assertions to the contrary. A genuine issue of material fact thus exists, the resolution of which lies within the exclusive province of the jury. As tempting as it might be to decide that issue, we would be trespassing on the jury's domain by doing so.

he owned another dog, posted on a gate a ready-made sign reading, "beware of dog, keep gate closed." He put up the sign because utility workers occasionally let the dog stray by leaving the gate open. After he acquired Jodi, the dog involved in this case, he left the sign up for the same reason. In addition, there are affidavits from the two defendants which state that Jodi was friendly, never growled and would allow himself to be picked up. A neighbor stated in her affidavit that the dog had never given her the impression that he was nasty or vicious.

Plaintiff did not counter any of that evidence; she relies solely on the sign. In *Seeborg v. General Motors Corporation,* 284 Or 695, 703, 588 P2d 1100 (1978), the court quoted with approval from 2 Harper and James, *Law of Torts* § 19.4, to determine whether there is a genuine issue of a material fact:

> "The test is often expressed in this way: where from the facts most favorable to the plaintiff the nonexistence of the fact to be inferred is just as probable as its existence (or more probable than its existence), the conclusion that it exists is a matter of speculation, surmise, and conjecture, and a jury will not be permitted to draw it."

The majority apparently holds that, because of the sign, a jury could infer that the dog had dangerous propensities and that those propensities were known to the defendants. However, the presence of the sign is explained without contradiction, and its mere presence does not, on those uncontradicted facts, make it any more probable that defendants were aware of the dog's dangerous propensities than that they were not.

Accordingly, I would affirm the summary judgment and, therefore, dissent.