Argued and submitted March 11, reversed and remanded November 18, 1992

# James Joseph HICKEY,
## *Appellant,*

*v.*

# Merthal SETTLEMIER,
## *Respondent.*

## (90-1082; CA A69975)

841 P2d 675

Andrew P. Ositis, Salem, argued the cause and filed the brief for appellant.

John R. Osburn, Eugene, argued the cause for respondent. With him on the brief were William E. Flinn and William E. Flinn Associates, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

### DEITS, J.

Plaintiff appeals a summary judgment for defendant in this defamation action. The trial court granted the judgment on the ground that, as a matter of law, defendant's statements were either true or substantially true or defendant had not published them. We reverse.

Plaintiff sells animals for medical research and has a federal license to do so. Defendant is plaintiff's neighbor. Defendant made the allegedly defamatory statements in an interview on the television program, "20/20." The pertinent statements were:

> "[Correspondent]: * * * [M]ore than 300 people in central Oregon have complained that their pets were stolen and delivered to [plaintiff's] operation. Many want it closed down, including [plaintiff's] own godmother, [defendant], who lives next door. She says there's no doubt in her mind that he's mistreating animals and dealing in stolen pets.
>
> "[Defendant]: And it was very disturbing to think that things were going on over there that I saw that would happen in this day and age to animals. Even though they're being used for research, it still is, to me, very inhuman.
>
> "[Correspondent]: How would you describe the conditions over there for the animals?
>
> "[Defendant]: Well, the time I was over there, was [sic] three or four animals in a cage where there should be two. There was [sic] feces on the floor. Very warm day, no shade, no water. The food bowls were empty and the dogs were fighting each other.
>
> "[Correspondent]: And when the animals aren't suitable for research, Lethal Settelmier [sic] says they're shot. Have you heard gunshots?
>
> "[Defendant]: Yes, I have. Sometimes, it's once a week. Sometimes, its maybe two times a week. Just this month, there was [sic] three gunshots early in the morning about nine o'clock. And we saw pools of blood where dogs could have died and .22 shells."

Defendant denies making the statement that "there's no doubt * * * that he's mistreating animals and dealing in stolen pets" attributed to her by the correspondent but admits that she made the other statements.

Plaintiff assigns error to the trial court's summary judgment. A summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. We view the facts, and all reasonable inferences that may be drawn, in the light most favorable to the non-moving party. *Dargen v. King*, 87 Or App 349, 742 P2d 72, *rev den* 309 Or 437 (1987).

■ Defendant moved for summary judgment on the ground that the statements made by defendant were true or substantially true. Generally, whether a statement is true or substantially true is a question of fact for the jury. *Restatement (Second) Torts*, § 617(b). Defendant asserted below and argues here that the truth of the statements was established as a matter of law by earlier administrative proceedings before the United States Department of Agriculture in which it was held that plaintiff had violated certain regulations of the Animal Welfare Act, 7 USC §§ 2131-2157, and that plaintiff is precluded from relitigating the facts. The trial court granted the summary judgment on that basis.

■ The doctrine of issue preclusion bars a party who has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue in another proceeding. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). It applies to administrative proceedings if the party against whom it is asserted has had a full opportunity to litigate the issues, there was a substantial incentive to litigate the issues and the issues were subject to judicial review. *Chavez v. Boise Cascade Corp.*, 307 Or 632, 772 P2d 409 (1989). In this case, the proceeding before the Department of Agriculture was an adjudicative proceeding in which plaintiff had a full opportunity to litigate the issues presented. He was represented by counsel and was allowed to call and cross-examine witnesses. There is a transcript of the proceedings, there was a neutral factfinder and the final order was subject to judicial review. Plaintiff had the incentive to contest the issues, because his business license was at stake and substantial fines could have been imposed.[1]

---

[1] As a result of the administrative proceedings, plaintiff was fined $10,000 and his license was suspended for one year.

■■ Plaintiff first contends that issue preclusion does not apply, because he has appealed the administrative order. However, in Oregon, a pending appeal does not affect the finality of a judgment for purposes of claim or issue preclusion. *Ron Tonkin Gran Turismo v. Wakehouse Motors*, 46 Or App 199, 207, 611 P2d 658, *rev den* 289 Or 373 (1980).

■■ Plaintiff next argues that the earlier administrative proceeding does not bar him from litigating the truth of defendant's statements, because the facts determined in that proceeding were not the same as the facts alleged in this defamation action. We agree. In order for issue preclusion to bar a party from litigating an issue, the issues in both actions must be identical. *Mazorol v. Coats*, 102 Or App 8, 11, 793 P2d 326, *rev allowed* 310 Or 393 (1990). Defendant characterizes the administrative order as a conclusive finding that plaintiff mistreats animals. That is not correct; it determined that plaintiff had violated several regulations under the Animal Welfare Act. The regulations were, for the most part, record-keeping requirements. Although the hearings officer stated that one of the purposes of the regulations requiring records is to prevent mistreatment of animals by ensuring accountability, he did not make any findings directly concerning the circumstances described by defendant in her statements on "20/20," nor did he draw a general conclusion that plaintiff mistreats animals.

■ A statement may be considered true or substantially true if the "gist" or "sting" of the statement is true, even though the statement contains slight inaccuracies. *Restatement (Second) Torts*, § 581 (1977); *see also* Prosser and Keeton, *Torts* 842, § 116 (5th ed 1984). Although plaintiff's violations of the federal act involved circumstances similar to those said to have existed by defendant, we do not think it can be said, as a matter of law, that the earlier violations established conclusively the substantial truth of defendant's statements. The past violations may be relevant to determining whether defendant's statements were true. However, the truth of the statements is a question of fact for the jury.

■ Defendant also argues that plaintiff's admissions establish as a matter of law the substantial truth of two of her statements: (1) that plaintiff "deal[s] in stolen pets"; and (2) that plaintiff sometimes shoots animals. Plaintiff admits that

his sole means of destroying animals when that becomes necessary is by gunshot and that he has unwittingly purchased, but has not sold, stolen animals. However, defendant's statements about the gunshots could be interpreted by a rational trier of fact to say more than that he shoots animals. They could be understood to imply that plaintiff *unnecessarily* shoots animals. Plaintiff did not admit that conduct. Additionally, the admission that on occasion he has unknowingly purchased, but has never sold, stolen pets need not be found by a trier of fact to be an admission that he deals in stolen pets. We conclude that plaintiff's admissions do not establish, as a matter of law, the truth or substantial truth of any of plaintiff's statements. Whether plaintiff's admissions establish the truth or substantial truth of any of defendant's statements is a question of fact for the jury. *Restatement (Second) Torts*, § 617(b).[2]

Finally, defendant argues that she is entitled at least to a partial summary judgment, because she denied making the statement regarding stolen pets and plaintiff failed to produce any admissible evidence that defendant published that statement. Publication is an essential element in a defamation action. *Dell v. McKay's Market*, 273 Or 752, 543 P2d 678 (1975). Although defendant denies making the statement, the videotape of the television show that is in the record shows the correspondent stating that defendant did make the statements. Viewing the evidence in the light most favorable to plaintiff, the non-moving party, we conclude that the evidence is sufficient to make the publication of the statement

---

[2]

"The rule that makes truth relevant to the 'gist' or 'sting' of the publication protects the defendant who has got the details wrong but the 'gist' right; but it also works in the reverse, to impose liability upon the defendant who has the details right but the 'gist' wrong. Thus, if the defendant juxtaposes a series of facts so as to imply a defamatory connection between them, or creates a defamatory implication by omitting facts, he may be held responsible for the defamatory implication, unless it qualifies as an opinion, even though the particular facts are correct. On the other hand, the defendant who states all the particular facts correctly, does not omit facts necessary to put them in context, and does not juxtapose the facts in a far-fetched way to create libelous implications, is not liable even if the conclusion to be drawn from the facts is clearly defamatory, at least in the case of a public figure. The difference in the two cases seems to be whether the particular facts were manipulated, omitted, or artificially juxtaposed to create untrue implications; if so, the truth of the particular facts provides no protection; if not, the truth is complete protection." Prosser and Keeton, *Torts* 117, § 116 (5th ed supp 1988). (Footnotes omitted.)

a disputed question of fact. Because there are genuine issues of material fact, the trial court improperly granted a summary judgment for defendant.

Reversed and remanded.