Tere BIPPES, Plaintiff,

v.

HERSHEY CHOCOLATE U.S.A., a division of Hershey Foods Corp., Defendant.

Civil No. 94–1561–FR.

United States District Court, D. Oregon.

May 20, 1998.

388

Jeffrey A. Johnson, Thomas W. Brown, Cosgrave, Vergeer & Kester, LLP, Portland, Oregon, for Plaintiff.

Clay D. Creps, Bullivant Houser Bailey, Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge.

The matter before the court is the defendant's renewed motion for judgment as a matter of law (# 118–1) or, in the alternative, a new trial (# 118–2) or remittitur (# 118–3).

## BACKGROUND

The plaintiff, Tere Bippes, was employed by the defendant, Hershey Chocolate U.S.A. (Hershey), as a key account manager and district account supervisor for Hershey's Portland, Oregon distribution area. She was terminated by Hershey for falsifying her expense reports. Bippes sued Hershey, alleging claims of defamation, the intentional infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing. Before trial, the court dismissed Bippes' claims for the intentional infliction of emotional distress and breach of the implied covenant of good faith and fair dealing. The court also dismissed Bippes' defamation claim, except for that part of the defamation claim related to Hershey's statements that Bippes had listed thousands and thousands of dollars of lunches on expense reports and that her supervisor had told her time and time again that she had to keep her expenses in line.

Beginning on February 18, 1998, the court presided over a seven-day jury trial on the remaining defamation claim. The jury returned a verdict awarding Bippes $405,000 in economic damages and $1,275,000 in noneconomic damages.

Hershey seeks judgment as a matter of law or, in the alternative, a new trial or remittitur.

## CONTENTIONS OF THE PARTIES

Hershey contends that it is not liable for defamation because 1) the statements at issue are true; 2) the statements do not have a defamatory meaning; and 3) Hershey did not abuse its privilege to make the statements. Hershey also contends that there was insufficient evidence to support the award of economic damages, and that the amount of noneconomic damages awarded is excessive and against the clear weight of the evidence.

Bippes denies these contentions.

## LEGAL STANDARDS

The standard for determining a motion for judgment as a matter of law under Fed.R.Civ.P. 50(c) is whether the evidence, construed in the light most favorable to the nonmoving party, "permits only one reasonable conclusion, and that conclusion is contrary to the jury's." *Vollrath Co. v. Sammi Corp.*, 9 F.3d 1455, 1460 (9th Cir.1993), cert. denied, 511 U.S. 1142, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994). All inferences must be resolved in favor of the nonmoving party, and the evidence is reviewed in the light most favorable to the nonmoving party. *United States for Use and Benefit of Reed v. Callahan*, 884 F.2d 1180, 1183 (9th Cir.1989), cert. denied, 493 U.S. 1094, 110 S.Ct. 1167, 107 L.Ed.2d 1069 (1990).

If the jury verdict is supported by substantial evidence, the court cannot weigh the evidence, substitute its judgment for that of the jury, or assess the witnesses' credibility. *Id.* at 1183. Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion, even if it is possible to draw two inconsistent conclusions from the evidence. *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir.1987).

Even if a verdict is supported by substantial evidence, the court may grant a

motion for a new trial if it concludes that the verdict is against the clear weight of the evidence, is based on evidence which is false, or to prevent a miscarriage of justice. *Roy v. Volkswagen of Am., Inc.,* 896 F.2d 1174, 1176 (9th Cir.), *amended on other grounds on denial of reh'g,* 920 F.2d 618 (9th Cir. 1990), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2042, 114 L.Ed.2d 126 (1991). The court can weigh the evidence and assess the credibility of the witnesses. *Id.* The court is not required to view the evidence from the perspective most favorable to the prevailing party. *Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371 (9th Cir.1987).

■ Remittitur is available to correct excessive verdicts. *Fenner v.. Dependable Trucking Co.,* 716 F.2d 598, 603 n. 3 (9th Cir.1983). A trial court reviewing a damages award attacked by a defendant as excessive must consider the evidence of damages in a light most favorable to the prevailing party. *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1385, 1387 (9th Cir.), *opinion amended on other grounds,* 817 F.2d 609 (9th Cir. 1987).

■ If the court concludes that a damages award is excessive, it may either grant the defendant's motion for a new trial or deny the motion conditioned upon the prevailing party's acceptance of a remittitur. *Id.* A trial court granting a motion for remittitur does not substitute its judgment for that of the jury, but instead reduces the judgment to the maximum amount sustainable by the proof. *D & S Redi–Mix v. Sierra Redi–Mix & Contracting Co.,* 692 F.2d 1245, 1249 (9th Cir.1982).

## ANALYSIS AND RULING

### 1. *Liability*

■ Hershey contends that the jury's verdict as to liability is improper as a matter of law because the allegedly defamatory statements attributed to Hershey are true and do not have a defamatory meaning, and because Hershey did not abuse its privilege. The court concludes that there is sufficient evidence, when taken in the light most favorable to Bippes, for a reasonable jury to find all of the elements required by law to find Hershey liable to Bippes for defamation. In one particular, the court concludes that a reasonable jury could find that the statements imply that Bippes embezzled large amounts of money for times when she had not incurred any expenses. Thus, a reasonable jury could find that even if the details of the statements are correct, the gist is not. Although there is no evidence that the statements were intentionally contrived to allow that implication, some of the facts necessary to put the statements in context were omitted. This is sufficient for liability. *See Hickey v. Settlemier,* 116 Or.App. 436, 441 n. 2, 841 P.2d 675 (1992).

### 2. *Damages*

■ Hershey contends that there is insufficient evidence that the defamatory statements were a substantial factor in causing Bippes difficulty in obtaining employment which resulted in her alleged economic damages of $405,000.

The jury was instructed that the termination of the employment of Bippes was proper; that the jury should not award any damages to Bippes from the termination of her employment; and that lost wages could only be awarded if Bippes proved that the defamation was a substantial factor in her inability to find a new job.

The following evidence was adduced at trial: (1) the grocery business in the State of Oregon is a tight-knit community; (2) a salesperson's credibility in the grocery business is very important; (3) Bippes' self-esteem was crippled; (4) Bippes lied to prospective employers about why she left Hershey; (5) Hershey's employee relations manager for field sales would probably not hire a person accused of stealing; (6) Bippes attempted to find a new job by sending out an average of ten resumes a week and working with employment agencies and "headhunters;" and (7) Bippes was hired at a food brokerage by her former supervisor at Hershey even though he had heard of the defamatory remarks. There was no evidence that any employer had declined to offer Bippes a job because he or she had heard of the defamatory remarks. There

was no evidence that any prospective employer had heard of the defamatory remarks except for the employer who, in fact, had hired Bippes. There was no evidence that higher paying jobs were even available at the food brokerage where Bippes was hired after the hiring manager had heard of the defamatory remarks.

The evidence at trial is similar to the situation in *Benassi v. Georgia–Pacific*, 62 Or. App. 698, 662 P.2d 760, *opinion modified on other grounds on reconsideration*, 63 Or. App. 672, 667 P.2d 532, *rev. denied*, 295 Or. 730, 670 P.2d 1035 (1983). In *Benassi*, the plaintiff was terminated and most of the 120 employees of his former employer were told that he was terminated for being drunk and misbehaving in a bar on a business trip. *Id.* at 702, 662 P.2d 760. It took the plaintiff five months to find a job, which was a lower paying job, even though he had consulted with two job recruiters and contacted companies all over the country. One recruiter knew of the defamation but did not pass it along to prospective employers; the second recruiter did not know of the defamation. *Id.* at 706–07, 662 P.2d 760. The court concluded that it would be mere speculation to permit the jury to infer that the plaintiff was unable to obtain a new job because of the defamation and held that it was error for the trial court not to grant a directed verdict on the economic damages in the amount of $16,146. *Id.* at 709, 662 P.2d 760.

Here, there is no evidence tying Bippes' inability to obtain an equivalent job to the defamation rather than the termination. The person who hired Bippes had heard of the defamation and decided to hire her anyway in the only job that was available. The court concludes that there was insufficient evidence for a reasonable jury to find that the defamation was a substantial factor in causing Bippes' economic damages in light of her lawful termination. Judgment as a matter of law is granted against the award of economic damages of $405,000.

■ Hershey contends that Bippes' attorney introduced evidence as if this was a wrongful termination case and not a defamation case. Because of these tactics, Hershey contends that the jury was, thus, prejudiced

in awarding $1,275,000 in noneconomic damages. Hershey asks for a new trial or, alternatively, for this court to order a remittitur of noneconomic damages to the amount Bippes sought in the pretrial order, which was $150,000.

■ The constitution of the State of Oregon prohibits the award of punitive damages in defamation cases unless another constitutional provision requires that punitive damages be allowed. *Wheeler v. Green*, 286 Or. 99, 119, 593 P.2d 777 (1979). Punishment of the defendant is not necessary to compensate a plaintiff for injury to reputation. *Id.* at 118, 593 P.2d 777.

Here, the defamation was not widespread; only a handful of people heard the comments. Many, if not all, of the people who heard the defamation knew Bippes well, and they did not believe what they heard. While Bippes suffered emotional distress from the termination and the defamation, she never consulted a health care provider because of her emotional distress. There was evidence that the defamation caused additional distress over and above the termination, but the initial shock and distress came to Bippes when she was terminated from the job that she contends she loved and wished to remain in for the rest of her life. The court concludes that the jury confused noneconomic damages caused by Bippes' termination with noneconomic damages caused by Bippes' defamation. The court also believes that the jury made the high award to punish Hershey, which is not allowed under the laws of the State of Oregon. Furthermore, the court concludes that the jury's award of noneconomic damages, which includes damages to Bippes' reputation, is greater than what can be supported by the evidence. The court finds that the maximum award of noneconomic damages sustainable by the evidence is $475,000 and orders remittitur in that amount.

3. *New Trial*

Fed.R.Civ.P. 50(c)(1) requires:

If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if

any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.

The court granted Hershey's motion for judgment as a matter of law in part and denied it in part, allowing the jury's finding of liability to stand, but vacating the jury's award of economic damages. If either one of these rulings is reversed on appeal, the court denies Hershey's motion for a new trial on these issues because the verdict is not against the clear weight of the evidence in these two respects.

Concerning the remittitur of the noneconomic damages, Hershey's motion for a new trial on noneconomic damages is denied conditioned upon Bippes accepting the remittitur. If Bippes decides to accept the remittitur, she shall submit an amended judgment which comports with the findings in this opinion within twenty-one days of the date of this opinion. If Bippes does not submit an amended judgment, the court will assume that she does not accept the remittitur and will set a date for a new trial on the issue of noneconomic damages.

## CONCLUSION

The renewed motion of defendant Hershey for judgment as a matter of law (# 118–1) is granted in part and denied in part as follows: judgment is granted in favor of defendant Hershey and against plaintiff Bippes as to economic damages. The alternative motion of defendant Hershey for a new trial (# 118–2) is denied conditioned upon plaintiff Bippes accepting the remittitur (# 118–3) of noneconomic damages.