Argued and submitted November 21, affirmed December 27, 2000

Stern SKEEN
and Betty Skeen,
*Appellants,*

*v.*

DEPARTMENT OF HUMAN RESOURCES,
State Offices for Service to Children and Families,
Oregon Youth Authority,
Kay Toran, acting by and through Branch Manager for
State Office for Services to Children and Families,
Denise Rhodes, acting by and through Branch Manager for
State Office for Services to Children and Families,
and Kay Toran, acting by and through State Director of
State Office for Services to Children and Families,
*Respondent.*

(97-04612-CV; CA A107674)

17 P3d 526

Richard D. Cohen argued the cause and filed the briefs for appellants.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiffs appeal from the trial court's judgment dismissing their claims for intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and violation of 42 USC § 1983. The trial court granted defendant's ORCP 21 A(8) motion to dismiss plaintiffs' second claim for relief for negligent infliction of emotional distress for failure to state a claim. It thereafter granted summary judgment to defendants on the remaining claims. ORCP 47. We affirm.

Plaintiffs formerly operated a foster home for adolescent girls who were on juvenile probation. They did so under a contract with Children's Services Division (CSD), now the State Office for Services to Children and Families (SCF). In order to operate the home, they needed to be certified by CSD to care for foster children. The claims in this case arise from the circumstances surrounding the suspension and subsequent revocation of that certificate. Defendants are state agencies and employees who were involved in the revocation of the certificate or in plaintiffs' administrative appeal of that decision. The ultimate result of the appeal was to affirm the revocation. Plaintiffs sought judicial review, and we affirmed without opinion. *Skeen v. State of Oregon*, 153 Or App 718, 957 P2d 1231, *rev den* 327 Or 620 (1998).

In their second claim for relief, plaintiffs attempt to assert a claim for negligent infliction of emotional distress. They recognize that in these circumstances such a claim requires proof of a special relationship between them and defendants. *See Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992). They argue that the contract with CSD created a relationship in which plaintiffs and defendants were partners in what was in essence a joint enterprise or partnership to treat troubled girls. As a result, plaintiffs say defendants had fiduciary relationships with them and fiduciary duties to them. However, as defendants point out, defendants' statutory obligation was to protect the best interests of the girls. *See* ORS 418.640(1). That obligation is inconsistent with a fiduciary or other special duty to foster care providers or others involved in caring for the girls.

In order to carry out their paramount obligation to the girls, defendants had express statutory authority to revoke plaintiffs' certificate if plaintiffs violated the applicable statutes and rules. ORS 418.635. The trial court correctly determined that the second claim for relief failed to state a claim.

 The court granted summary judgment on the remaining claims on the ground that the decision in the administrative proceeding to revoke plaintiffs' certificate necessarily decided issues of ultimate fact adversely to plaintiffs that were essential for them to prevail on their claims in this action.[1] *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103-04, 862 P2d 1293 (1993) (recognizing that factual determinations in administrative proceeding may have preclusive effect in subsequent judicial action and setting out criteria for issue preclusion).[2] We agree that the administrative decision actually decided ultimate factual issues that are essential to plaintiffs' present claims and that issue preclusion therefore bars the relitigation of those issues. We discuss only one of the points that plaintiffs make in attempting to avoid the doctrine of issue preclusion.[3]

---

[1] The trial court also held that the judgment that dismissed plaintiffs' challenge in circuit court to the procedure by which defendants revoked their certificate in itself precluded these claims. The state correctly does not rely on that ground on appeal.

[2] Those criteria are:

"1. The issue in the two proceedings is identical.

"2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5. The prior proceeding was the type of proceeding to which [courts] will give preclusive effect." *Nelson*, 318 Or at 104 (citations omitted.)

[3] Contrary to the parties' apparent assumption, the potentially preclusive decision is that of the administrative agency, not this court's decision affirming the agency's action. An agency's final order, like a court's final judgment, has preclusive effect even while the order or judgment is on appeal. *See Hickey v. Settlemier*, 116 Or App 436, 440, 841 P2d 675 (1992), *aff'd* 318 Or 196, 864 P2d 372 (1993); *Ron Tonkin Gran Turismo v. Wakehouse Motors*, 46 Or App 199, 207, 611 P2d 658, *rev den* 289 Or 373 (1980). The function of an appeal or judicial review is to determine whether the order or judgment should be affirmed, modified, or reversed. Except in unusual circumstances, the appellate decision does not have preclusive effect independently of the trial court judgment or administrative final order.

■ Plaintiffs assert that defendant Toran, who, as director of SCF, made the final administrative decision based on the record created before the agency hearings officer, failed to evaluate the record *de novo*. Instead, plaintiffs argue that she merely reviewed the record to determine whether there was *any* evidence to support the agency's amended proposed order. In support of this argument, plaintiffs rely on statements that Toran made in a deposition that plaintiffs took after judicial review of the administrative case was complete. Plaintiffs contend that, as a result of Toran's allegedly inadequate review, they did not have a full and fair opportunity to litigate the issues that are the subject of preclusion. That contention implicates the third *Nelson* criterion for the application of issue preclusion.

It is important to be clear about the exact basis for plaintiffs' contention. Except for their claim under 42 USC § 1983, plaintiffs do not assert that Toran's alleged failure to follow the proper procedures in reviewing the amended proposed order is in itself a basis for holding defendants liable on the claims that plaintiffs allege in this case.[4] Rather, they assert that, as a result of Toran's action, the administrative decision does not preclude them from raising the issues that they raise in this civil action. That is, plaintiffs challenge the procedures that led to the administrative determination in an attempt to avoid the doctrine of issue preclusion based on that adjudication of ultimate facts. The problem for plaintiffs is that they have not shown either that the procedures provided for the conduct of administrative hearings on revocation of foster parent certificates are insufficient to justify the application of issue preclusion or that they were not permitted to use those procedures. That is the substance of what the Supreme Court meant when it referred in *Nelson* to a full and fair opportunity to be heard on the issue. That is clear from the cases that the court cited to support that criterion for issue preclusion. *See Chavez v. Boise Cascade Corporation*, 307 Or 632, 635, 772 P2d 409 (1989) (proceeding will have preclusive effect if parties had full opportunity and incentive

---

[4] For that reason, we do not need to decide whether such an assertion would be a proper basis for a claim. In fact, plaintiffs raised the issue of agency bias in the administrative proceeding, and the state argues that that argument was implicitly rejected when the agency rendered an adverse decision against plaintiffs.

to contest issue on record that is subject to judicial review); *State v. Ratliff*, 304 Or 254, 258, 744 P2d 247 (1987) (no preclusive effect when administrative hearing is informal and at least one side has no incentive to litigate fully).

■ What plaintiffs may have shown by their newly discovered evidence is that Toran committed procedural error by using the wrong legal standard in arriving at her decision. That alleged procedural error, like any other procedural error, was subject to correction on judicial review of the administrative decision. ORS 183.482(8)(a).[5] Plaintiffs' argument is, in substance, a collateral attack on the final administrative order. Procedural error in an earlier proceeding, however, is not a cognizable basis for a subsequent collateral attack on the decision in that proceeding. *See Cooley v. Fredinburg*, 144 Or App 410, 417, 927 P2d 124, *on recons* 146 Or App 436, 934 P2d 505 (1997) (collateral attack on judgment is possible only if judgment is void for lack of jurisdiction over subject matter or person); *Watanabe and Watanabe*, 140 Or App 85, 914 P2d 701, *rev den* 324 Or 176 (1996) (erroneous exercise of jurisdiction does not render judgment void). Correcting such error is the purpose of appeal or judicial review. That plaintiffs did not discover part of the evidence that, they now argue, shows that the procedural error occurred until after the completion of judicial review does not alter that conclusion. *Cf. Johnson v. Johnson*, 302 Or 382, 730 P2d 1221 (1986) (denying relief from judgment modifying support when motion for relief was based on evidence of intrinsic fraud discovered after entry of judgment). The administrative decision is now immune from direct attack.

Plaintiffs' section 1983 claim is based, in part, on allegations that the agency committed procedural irregularities and that Toran's review was biased in favor of the agency representatives who acted to suspend plaintiff's certification. Those allegations were necessarily decided against plaintiffs in the administrative proceeding. The fact that plaintiffs may have discovered new evidence of procedural

---

[5] Even if the alleged error did not appear on the face of the administrative record, plaintiffs had the opportunity to seek to develop evidence to support their position as part of the review process. *See* ORS 183.482(7) (authorizing Court of Appeals to appoint special master to take evidence concerning procedural irregularities).

error in support of their allegations in the administrative case after its adjudication does not alter the fact that the administrative process provided plaintiffs a full and fair opportunity to litigate the very issues that they raise in this case.

Affirmed.