On respondent's petition for reconsideration filed August 22, and petitioner's response to petition for reconsideration filed August 29, 2001, petition for reconsideration allowed; opinion (175 Or App 345, 27 P3d 1100 (2001)) adhered to January 23, 2002

## Michael VILLANUEVA, Ph.D.,
*Petitioner,*

*v.*

## BOARD OF PSYCHOLOGIST EXAMINERS,
*Respondent.*

97-09; A108093

39 P3d 238

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Denise G. Fjordbeck, Assistant Attorney General, for petition.

Michael E. Farnell and Hagen, Dye, Hirschy & Dilorenzo, P.C., *contra*.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

The Board of Psychologist Examiners has petitioned for reconsideration of our opinion in *Villanueva v. Board of Psychologist Examiners*, 175 Or App 345, 27 P3d 1100 (2001). The Board argues that we did not consider whether the failure to give petitioner notice prejudiced him and that, at a minimum, we should remand the case so that it can issue an amended notice of hearing. We allow the petition for reconsideration and adhere to our opinion.

As we explained in our initial opinion, the Board charged petitioner with violating six ethical rules. Despite petitioner's repeated requests to clarify the basis for the charged violations, the Board did not do so. After the hearing began, the Board announced, for the first time, that it was also charging petitioner with additional rule violations that it had neither set out in its proposed notice of disciplinary action nor mentioned in response to petitioner's repeated requests to clarify the basis for the Board's charges. After considering the evidence, the Board ruled that petitioner had not violated any of the rules that the Board had cited in its notice of disciplinary action. The Board concluded, however, that petitioner had violated Principle 4.02—an ethical rule that the Board had not mentioned until after the hearing began.

We held that the Board's notice did not comply with ORS 183.415(2)(c), which requires that the notice include "[a] reference to the particular sections of the statutes and rules involved." *Villanueva*, 175 Or App at 356. We also explained that, to the extent the substantial compliance doctrine applies, the Board's notice did not substantially comply with ORS 183.415. *Id.* at 356-58. We reasoned:

> "This is not a case in which the rule that was allegedly violated was apparent to both the Board and the licensee from the factual allegations, nor is this a case in which the violation is merely technical. Rather, this is a case in which petitioner was not informed until after the hearing had begun that the Board was proceeding under a completely different ethical principle than the ones cited in the notice."

*Id.* at 358.

■   In its petition for reconsideration, the Board argues that, because petitioner offered evidence on the uncharged rule violation at the hearing, the failure to give him adequate notice of that charge did not prejudice him. It contends that, in these circumstances, ORS 183.482(7) requires that we affirm its order. Not only has the Board raised ORS 183.482(7) for the first time in its petition for reconsideration, but its reliance on that subsection is misplaced. ORS 183.482(7) provides, in part:

> "In the case of disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand, the Court of Appeals may refer the allegations to a Master appointed by the court to take evidence and make findings of fact upon them. The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

As the Supreme Court has explained, ORS 183.482(7) "is designed to supplement the agency record regarding irregularities in procedure before the agency that do not appear in the record." *Oregon Health Care Assn. v. Health Div.*, 329 Or 480, 491, 992 P2d 434 (1999); *see also Skeen v. Dept. of Human Resources*, 171 Or App 557, 562 & n 5, 17 P3d 526 (2000), *rev den* 332 Or 316 (2001) (distinguishing between challenges under ORS 183.482(8)(a) to alleged procedural errors that are evident on the record and challenges under ORS 183.482(7) to alleged procedural errors that are not).

■   ORS 183.482(7) governs review of orders in contested cases when irregularities in agency procedure that are not shown on the record impair the fairness of its proceedings. In this case, however, petitioner did not seek review because there were "irregularities in procedure * * * not shown in the record." *See* ORS 183.482(7). Rather, he sought review because, among other things, the notice that the Board provided was deficient. By its terms, ORS 183.482(7) does not apply to the claims that petitioner raised on review. *See Skeen*, 171 Or App at 562 & n 5.

██ Beyond that, we do not agree that the failure to give petitioner adequate notice of the charges he faced was not prejudicial. Rather, the absence of adequate notice is prejudicial in and of itself. That proposition finds recognition in both the criminal and civil law. The state may not try a criminal defendant for a crime for which he or she has not been charged. *State v. Wimber*, 315 Or 103, 113-15, 843 P2d 424 (1992) (amending indictment); *State v. Alben*, 139 Or App 236, 241, 911 P2d 1239, *rev den* 323 Or 153 (1996). That is true without regard to whether the criminal defendant could have put on a defense to the uncharged crime. *Id.*[1] Similarly, in a civil action, the parties are limited to the issues that are raised by the pleadings, unless they explicitly or impliedly consent to try additional issues. *See* ORCP 23 B; *Northwest Marketing Corp. v. Fore-Ward Investments*, 173 Or App 508, 512-13, 22 P3d 1230 (2001); *Cheryl Wilcox Property Management v. Appel*, 110 Or App 90, 93-94, 821 P2d 428 (1991).[2] We see no reason why similar principles should not apply when an agency charges a licensee with violating his or her profession's ethical rules. Indeed, as we explained in our initial opinion, the context of ORS 183.415(2) supports our conclusion that the failure to give adequate notice is itself prejudicial. *See Villanueva*, 175 Or App at 357. We accordingly adhere to our initial conclusion that the question whether petitioner violated Principle 4.02 was not properly before the Board.

██ Relying on ORS 183.482(7), the Board argues alternatively that, even if we adhere to our holding, we should remand the case. It reasons that, on remand, it could issue an amended notice of hearing and include the rule violation that it failed to include in its initial notice. As explained above, the Board's reliance on ORS 183.482(7) is misplaced. Beyond

---

[1] The court explained in *Wimber* that, in determining whether an amendment impermissibly changes an indictment, the initial question is whether the amendment "add[s] a theory, element, or crime." 315 Or at 114-15. The next question is whether the amendment prejudiced the defendant. *Id.* We explained in *Alben* that, if the answer to *either* question is "yes," the amendment is not permitted. 139 Or App at 241.

[2] The Board does not claim that petitioner impliedly consented to trying the issues raised by Principle 4.02. Rather, he objected to the admission of any evidence on that point because it was not relevant to the charges that the Board had alleged in its notice.

that, if, as we reaffirm, the question whether petitioner violated Principle 4.02 was not properly before the Board, there is nothing left for it to do on remand. The only issues that were properly before the Board have been resolved. Having considered the Board's arguments, we adhere to our initial decision.

Petition for reconsideration allowed; opinion adhered to.