MEMORANDUM *
We affirm on the ground Houston’s claims are barred by collateral estoppel. The validity of Officer Bryant’s stop and subsequent arrest of Houston was actually litigated and necessarily decided in a contested case hearing before the Oregon Department of Motor Vehicles. See Cole v. DMV, 336 Or. 565, 87 P.3d 1120, 1131 (2004). Though a DMV contested case hearing does have not collateral estoppel effect against the state in criminal proceedings, State v. Ratliff, 304 Or. 254, 259-60, 744 P.2d 247, 250 (1987), administrative license revocation proceedings may have such effect in subsequent civil litigation, see Skeen v. Dep’t of Human Res., 171 Or.App. 557, 17 P.3d 526 (2000). The contested case hearing offered Houston a full and fair opportunity to present his case— he was represented by counsel, had an opportunity for judicial review, testified on his own behalf, cross-examined witnesses against him, and he had every incentive to litigate the case to a successful conclusion — and was sufficiently formal to be accorded collateral estoppel effect. The Oregon DMV’s adverse determination bars this action.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.