84 August 27, 2025 No. 763

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Melissa M. DELA CRUZ-BLOW,
nka Melissa M. Dela Cruz,
*Petitioner-Appellant,*
*and*

Jennifer R. DELA CRUZ-BLOW,
aka Jennifer Blow,
*Respondent-Respondent.*

Clackamas County Circuit Court
19DR20679; A181701

Ulanda L. Watkins, Judge.

Argued and submitted October 4, 2024.

Andrew W. Newsom argued the cause and filed the briefs for appellant.

Morgan Terhune argued the cause for respondent. On the brief were Thomas A. Bittner, and Schulte, Anderson, Downes, Aronson & Bittner, P. C.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

In this domestic relations case, petitioner challenges a supplemental judgment modifying custody and parenting time and awarding custody to respondent. Petitioner raises two assignments of error, but we only need to reach her second assignment, in which she asserts that the trial court erred in modifying custody in a manner that went beyond what respondent had pleaded for and alleged in her pleadings.[1] We agree that the trial court exceeded its authority when it unconditionally awarded sole custody to respondent, and thus we reverse and remand the supplemental judgement.

## I.  BACKGROUND

Petitioner and respondent were married in 2016 and divorced in 2020. They had one child, K. The judgment of dissolution of marriage awarded custody to petitioner. It also provided for an even split in parenting time—as long as both parents lived in Wilsonville. Petitioner remarried in July 2021 to Ms. King. In October 2021, petitioner filed a motion to modify the judgment of dissolution and to allow her to move K with her to North Carolina, where Ms. King's job was. Respondent filed a response in which she objected to the relocation and counterclaimed for sole custody of K, but only if petitioner relocated. The matter went to a contested hearing in 2023, for which both parties prepared detailed hearing memoranda.

The parties waived their opening arguments, substituting instead their hearing memoranda. Petitioner, respondent, Ms. King, various family and community members who knew K, as well as a child therapist, testified. Near the beginning of petitioner's closing argument, the trial court engaged petitioner's counsel in a colloquy about custody, where for the first time it became apparent that petitioner and the court did not agree about what the court's role was. The court expressed the view that it could decide whether to modify custody in a general sense, whereas petitioner believed that the court could only decide whether to modify

---

[1] In her first assignment of error, petitioner asserts that the trial court erred in concluding that there had been a substantial change in circumstance on which a custody modification could be based.

custody conditionally—such that if petitioner moved, then custody would change. Respondent's closing argument came next, during which she argued that the court not only could change custody short of a move, but that it should.

The trial court found that the move would be unnecessarily burdensome on K and that it was not in K's best interest to move to North Carolina. The parties vigorously disputed whether petitioner had moved to North Carolina. The trial court did not find that petitioner had moved. It concluded that the *potential* move to North Carolina constituted a substantial change of circumstances and awarded respondent sole custody of K in a supplemental judgment.

## II.   ANALYSIS

On appeal, petitioner asserts that the trial court erred by awarding sole custody to respondent. She contends that the trial court exceeded its authority when it instituted a remedy that was not requested in the pleadings and that petitioner did not litigate. Petitioner argues that the pleadings were not about custody in general, but rather conditioned on her move, and that the court did not find that she had moved. Respondent argues that the pleadings were automatically amended when petitioner failed to object to evidence that supported a change in custody regardless of whether petitioner moved, and that petitioner had effectively moved. We conclude that the pleadings were not automatically amended, and that the record fails to support a finding that petitioner moved.

A.   *Preservation*

As a preliminary matter, respondent argues that the issue is not preserved because petitioner did not challenge the trial court's authority below. We disagree. Petitioner and the court had a colloquy during closing arguments about the scope of the remedy the court could implement. Although the word "authority" was not used, petitioner made it clear that, in her view, the issue of custody modification in general had not been alleged in the pleadings, and she argued that the trial court was circumscribed in what remedies it could provide. Petitioner sufficiently preserved the issue for appeal. *See Gibson v. Walsh*, 308 Or App 119, 123, 480 P3d 990 (2020). We thus turn to the merits.

B.  *Standard of Review and ORCP 23*

The parties disagree about the standard of review, so we first clarify the correct standard. Petitioner argues that we should review for legal error. Respondent argues that a court has wide discretion to amend pleadings at trial. The difference in standards relates to what section of ORCP 23 applies.

A party may only amend its pleadings once as a matter of right before it has been answered, or within 20 days if it may not be answered. ORCP 23 A. After that point, a party may amend only by written consent of the adverse party, or by *discretionary* leave of the trial court, which "shall be freely given when justice so requires." *Finney v. Bransom*, 326 Or 472, 483, 953 P2d 377 (1998); ORCP 23 A. Accordingly, we review requests for amendment of pleadings for abuse of discretion. But that standard applies only when a party has explicitly asked the court to amend pleadings. ORCP 23 A.

When a party has not requested that the pleadings be amended, ORCP 23 B applies instead. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." ORCP 23 B. Whether an issue was tried by express or implied consent is an issue of law that we review for legal error. *Northwest Marketing Corp. v. Fore-Ward Investments.*, 173 Or App 508, 513, 22 P3d 1230 (2001).

As we explain below, respondent did not request that the pleadings be amended and argues that the issue was tried by implied consent. Thus, we review for legal error.

C.  *Pleadings and authority*

"Generally, a trial court has no authority to render a decision on an issue not framed by the pleadings." *Navas v. City of Springfield*, 122 Or App 196, 201, 857 P2d 867 (1993). Similarly, "[a] judgment for relief different in kind from *** [the kind] prayed for in the pleadings may not be rendered unless reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be

entered." ORCP 67 C. Merely because evidence is received without objection does not mean that a court has the authority to address the issue that the evidence implicates. *Rogue Valley Sewer Services v. City of Phoenix*, 357 Or 437, 458, 353 P3d 581 (2015).

Petitioner, who already had custody of K, understandably did not plead for the custody arrangement to change. Respondent, however, raised the issue of a contingent custody modification in her counterclaim: "If Petitioner moves out of state then Respondent should be granted sole legal custody of the child. Petitioner's move out of state would be a substantial, unanticipated change in circumstances."

We construe pleadings liberally "with a view of substantial justice between the parties." ORCP 12 A. Even construed liberally, the meaning of the counterclaim is unambiguous. Respondent requested custody, *if* petitioner moved out of state. Nowhere else in the counterclaim did respondent request custody in any other manner. The parties did discuss custody at length in their hearing memoranda, but both supposed that a change in custody would be premised on a move.[2] Thus, at the start of the hearing, the issue that was before the court was whether petitioner would retain custody if she went through with her plan of moving to North Carolina.

Respondent argues that the pleadings were automatically amended when petitioner failed to object to the testimony of respondent's witnesses, because that evidence supported a custody modification whether or not petitioner moved.[3] But that evidence also supported a finding that petitioner should not be allowed to move to North Carolina with K. Petitioner could not have reasonably known that she had to object to relevant evidence because respondent would, in her closing argument, argue for the first time that

---

[2] Petitioner's memo stated: "[Respondent] has requested a change of custody based solely on [Petitioner]'s intended relocation." Respondent's memo stated: "Respondent should be granted sole legal custody of [K], because Petitioner's move out of state constitutes a substantial, unanticipated change of circumstances, and a change of custody to Respondent serves [K]'s best interests."

[3] Respondent highlights testimony about an incident regarding sequential vacations both mothers took to Florida and argues that that incident supported a general custody change. Although the court could have found that one or both mothers were being unreasonable, the court did not, and the incident has no bearing on the ultimate legal issue of pleadings and notice.

the evidence supported a custody change even absent a completed move. At any rate, and as noted above, our caselaw indicates that a lack of objection to the admission of evidence does not automatically confer authority for the trial court to decide the case based on the new theory raised. *Rogue Valley Sewer Services*, 357 Or at 458.

Respondent points to ORCP 23 B and *Cerda and Cerda*, 136 Or App 104, 901 P2d 263 (1995), *rev den*, 322 Or 598 (1996) as bases to support her argument that even if an issue was not in the pleadings, if the parties actively litigate it by implied consent, then the issue is fair game for the trial court to decide. In *Cerda*, the father sought to gain custody, while the intervening grandparents pleaded that the mother should retain custody, but as the litigation went on it became clear that the parties were really litigating whether grandparents should have custody. *Id.* at 265. The trial court awarded custody to grandparents, and we affirmed, even though the ruling was outside of the pleadings. *Id.* at 266. *Cerda* is an example of implied consent: both parties engaged in a vigorous custody battle, which adapted over time as the court and parties realized that the circumstances warranted approaching the matter differently than originally intended. *Id.* Therefore, the ultimate question under ORCP 23 B is whether a party was aware of and met the issue, and intentionally chose to litigate it despite a lack of amendment.

This case has much in common with *Northwest Marketing Corp.*, 173 Or App 508. In that case, the pleadings mentioned future profits, but not past profits. *Id.* at 512. Evidence of past profits was admitted as evidence at trial, without objection. *Id.* As in this case, only during closing arguments did the plaintiff then argue that it was entitled to those past profits; the pleadings had not been amended, and the defendant objected to the imposition of past profits. *Id.* We concluded that the trial court lacked authority to award past profits because the parties had not tried the issue by implied consent, as evidenced by the lack of amendment and the defendant's objection. *Id.* at 513.

Here, respondent attempted to have an unconditional custody battle; petitioner did not. Nothing in the

pleadings, pre-trial filings, or trial memoranda made it clear that custody might be modified absent a move by petitioner. Nor was it apparent until closing arguments that the court was contemplating changing custody regardless of a move, at which point respondent also expressed support for a custody modification even if petitioner did not move with K. Thus, we cannot say that petitioner consented to having custody broadly tried before the court. We conclude that the pleadings and the subsequent proceedings limited the trial court to the issue of whether petitioner would retain custody if she went through with her plan of moving to North Carolina.

Respondent goes on to argue that even if the court was only allowed to change custody if petitioner had moved, petitioner had in fact moved. At oral argument on appeal, respondent conceded that petitioner had not permanently relocated to North Carolina, but continued to allege that petitioner had established a "bicoastal residence" sufficient to count as a move; we disagree.[4] The trial court did not find that petitioner had moved, and we do not see that such a finding could have been supported by the record in any event. At most, the record indicated that Ms. King and petitioner had bought a house in North Carolina, that Ms. King was living in North Carolina, and that petitioner would from time to time visit Ms. King.[5] Indeed, the trial court called the move merely "proposed," and stated that child support would be modified "[i]f Petitioner does relocate to North Carolina."

Because the court was limited to conditioning a modification in custody on a move to North Carolina, and the record does not support a finding that petitioner had moved—and the court did not so find—the court could not modify custody. The trial court erred when it expanded

---

[4] We decline to engage in the definitional exercise that respondent requests, because even under respondent's generous conception of the word "move," the record does not support a finding that petitioner had established "bicoastal residence."

[5] Respondent argues that petitioner was spending more than half her time in North Carolina. She supports that assertion based on petitioner's claim that she should not have to be in Wilsonville during the weeks when she did not have parenting time. But that statement of advocacy for her scheduling independence is not evidence of relocation. The record otherwise indicated that petitioner visited Ms. King only occasionally, and that she continued to hold down a full-time job in Oregon.

the basis for the modification and awarded sole custody to respondent.

### III.  CONCLUSION

The trial court had an evidentiary basis on which to conclude that moving to North Carolina would be detrimental to K and could craft a judgment that prevented petitioner from moving if she wanted to maintain parenting time and custody. But the court erred when it awarded sole custody to respondent given the basis for the requested custody modification that was alleged in respondent's counterclaim.

Reversed and remanded.